# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| RODNEY BRYANT, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) CR420-095 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Movant Rodney Bryant moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.  Doc. 228.  The Court **DIRECTS** the Government to respond within ninety days from the date of this Order.  Rules 4(b), 5(a)-(b), Rules Governing Section 2255 Proceedings.  This Court's Local Rules provide a fourteen-day period to file a reply to the Government's response.  *See* S.D. Ga. L. Civ. R. 7.6.  To avoid any confusion, however, Movant is specifically **DIRECTED** to file his reply to the Government's answer, motion, or other response no later than

fourteen days after the Government files its response. *Cf.* Rule 5(d), Rules Governing Section 2255 Proceedings.

The Court has proactively sealed Bryant's Motion because it attaches an exhibit that identifies, by name, one of the minor victims in this case, "MV1." *See* doc. 228 at 21-22; *see also id.* at 15 (referring to "DNA evidence" concerning "claims of paternity in the case involving MV1."). This Court has recognized that "the desire to protect [minor victims] from embarrassment, in order to avoid psychological harm," is a compelling interest sufficient to overcome the First Amendment right of public access to judicial proceedings. *See United States v. Lewis*, 2017 WL 750456, at *5 (S.D. Ga. Feb. 27, 2017). That interest is particularly compelling where the information disclosed includes "sexually explicit content and information that, if publicly disclosed, could cause unnecessary embarrassment and harassment."[1]  *Id.* (quotation marks

---

[1] The Court is also concerned about the validity of the document attached. At Bryant's sentencing hearing, Special Agent Hillary Nielsen testified about her investigation of a document that appears to be the one attached. *See* doc. 206 at 26-29. The companies listed in the document attached to the instant Motion and the document discussed at the sentencing hearing match. *Compare* doc. 206 at 28, *with* doc. 228 at 21. So does the name of the signatory. *Compare* doc. 206 at 28, *with* doc. 228 at 22. Special Agent Nielsen testified that she contacted the companies and the signatory and "[a]ll of them stated this was not a valid document, that they had no involvement with the creation of this document or running the test for Rodney Bryant." Doc. 206 at 29. Given that the document in question purports to show that

and citations omitted).  *Cf.* 18 U.S.C. § 3509(d) (requiring, in the context of a criminal proceeding, that "all documents that disclose the name or any other information concerning a child," be kept confidential and "filed under seal without necessity of obtaining a court order.").

The Clerk is, therefore, **DIRECTED** to maintain Bryant's Motion under **SEAL** until further Order from the Court.  Doc. 228.  The Clerk is, further, **DIRECTED** to maintain the copy of the Motion filed in case number CV424-276, doc. 1, under **SEAL** until further Order from the Court.  The Clerk is **DIRECTED** to place a copy of this Order on the docket in case number CV424-276.  The Clerk is **DIRECTED** to redocket the Motion in this case and case number CV424-276, excising pages 21 and 22, and attach those two pages as a sealed exhibit to that document. The Clerk is **DIRECTED** to make the sealed documents available to Bryant and the attorney for the United States.

**SO ORDERED,** this 16th day of December, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

"the child has a high probability of being a product of incest," doc. 228 at 22, the Court is especially concerned that propagation of such an accusation, particularly if false, "could cause unnecessary embarrassment and harassment."

3